Matter of MacDonald (Commissioner of Labor) (2023 NY Slip Op 05648)

Matter of MacDonald (Commissioner of Labor)

2023 NY Slip Op 05648

Decided on November 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 9, 2023

CV-23-0446
[*1]In the Matter of the Claim of James MacDonald, Appellant. Commissioner of Labor, Respondent.

Calendar Date:October 6, 2023

Before:Garry, P.J., Lynch, Aarons, Fisher and Powers, JJ.

James Macdonald, Yonkers, appellant pro se.
Letitia James, Attorney General, New York City (Linda D. Joseph of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 5, 2022, which ruled that claimant's request for a hearing from the Department of Labor's initial determination that, among other things, set claimant's weekly benefit rate, was untimely.
On December 21, 2021, the Department of Labor issued and mailed an initial determination to claimant that found him eligible to receive Pandemic Unemployment Assistance effective March 9, 2020 and set a weekly benefit rate. That determination advised claimant that he had 30 days from the mailing date to request a hearing to challenge the determination. Claimant did not request a hearing until March 4, 2022, stating that he failed to request a hearing within 30 days because he was seeking legal advice. At the hearing, claimant testified that, after testing positive for COVID-19, he quarantined away from home from December 19, 2021 until January 1, 2022, when he reviewed the determination and thereafter sought legal advice, waiting until March 4, 2022 to request a hearing.
The Administrative Law Judge (hereinafter ALJ) found that claimant's request for a hearing was untimely because it was made more than 30 days after the initial determination was mailed (and received) and, consequently, he was not entitled to a determination on the merits of his challenge to that determination. On claimant's appeal, the Unemployment Insurance Appeal Board affirmed the ALJ's decision, finding that his March 4, 2022 hearing request was untimely.[FN1] Claimant appeals.[FN2]
We affirm. "Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Barone [Commissioner of Labor], 199 AD3d 1112, 1113 [3d Dept 2021] [internal quotation marks and citations omitted]; accord Matter of Wilson [Commissioner of Labor], 219 AD3d 1626, 1627 [2023]). The statutory time limits are "strictly construed" (Matter Cunto [Commissioner of Labor], 109 AD3d 1076, 1077 [3d Dept 2013] [internal quotation marks and citations omitted]).
Claimant acknowledged that he returned to work on December 31, 2021, he returned home from quarantine and received the determination on January 1, 2022, he communicated with the Department on January 4, 2022 concerning his benefit rate and he thereafter sought legal advice on this matter. Given claimant's ability to perform the foregoing tasks, he failed to establish that his COVID-19 infection caused an incapacity that prevented him from timely requesting a hearing (see Matter of Wilson [Commissioner of Labor], 219 AD3d at 1628. We defer to the Board's credibility determination to reject claimant's testimony that misinformation from the Department contributed to the delay in requesting a hearing. In any event, neither erroneous advice from the Department[*2](see Matter of Smith [Commissioner of Labor], 98 AD3d 792, 792-793 [3d Dept 2012]) nor confusion (see Matter of Wilson [Commissioner of Labor], 219 AD3d at 1628) excuse an untimely hearing request. To the extent that claimant attributed his delay to pursuing legal advice, this did not result in any incapacity so as to excuse his failure to make a timely hearing request (see Matter of Stylianou [Commissioner of Labor], 257 AD2d 941, 941-942 [3d Dept 1999]; see also Matter of Green [Commissioner of Labor], 87 AD3d 1222, 1222 [3d Dept 2011]). As claimant requested a hearing well beyond the allotted 30-day period and failed to demonstrate that he was prevented from doing so due to his physical or mental incapacity, we find no basis upon which to disturb the Board's finding that his request was untimely (see Labor Law § 620 [1] [a]; 12 NYCRR 461.1 [a]; Matter of Wilson [Commissioner of Labor], 219 AD3d at 1628; Matter of Barone [Commissioner of Labor], 199 AD3d at 1113).
Garry, P.J., Lynch, Aarons, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Board adopted the ALJ's findings of fact and conclusions of law, except to the extent that it corrected the date that claimant submitted the hearing request.

Footnote 2: Although the record includes a subsequent Board decision filed December 2, 2022 denying claimant's request to reopen and reconsider, the record does not reflect that claimant filed a notice of appeal from that determination, which is not properly before this Court (see Matter of Chin [Commissioner of Labor], 214 AD3d 1286, 1287 n [3d Dept 2023]).